UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

RUPERT SALES,                            :

                    Plaintiff   :

   -against-                             :    **COMPLAINT**
                                               **AND JURY DEMAND**

                                             :    No.

THE CITY OF NEW YORK, and                :
POLICE OFFICER SCOTT MARTIN of the       :
NEW YORK CITY POLICE DEPARTMENT          :

                    Defendant(s),  :

---------------------------------------------------x

## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER SCOTT MARTIN of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment of RUPERT SALES.

2.     On December 9, 2009, POLICE OFFICER SCOTT MARTIN of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.     The Plaintiff, RUPERT SALES, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.     This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth

Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Queens County.

## PARTIES

7.    Plaintiff at all times relevant hereto resided in the City and State of New York, County of Queens.

8.    That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.    The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.    That at all times hereinafter mentioned, and on information and belief, the defendants POLICE OFFICER SCOTT MARTIN and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11.    At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.    That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and

2

in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.    That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14.    On December 9, 2009, plaintiff RUPERT SALES, a livery cab driver, was driving a 1996 Chrysler Town and Country vehicle in the vicinity of 132 Avenue and 158th Street in Queens after he had received a job to pick up a passenger named Donna Smith.

15.    Shortly after plaintiff RUPERT SALES picked up Donna Smith, POLICE OFFICER SCOTT MARTIN, and other members of the NYPD, stopped plaintiff's vehicle and recovered a cardboard box containing marijuana that Donna Smith had brought into the vehicle.

16.    Prior to stopping the plaintiff's vehicle POLICE OFFICER SCOTT MARTIN was informed by a postal inspector that earlier in the day he had delivered the cardboard box containing the marijuana to Donna Smith and that at the time of the delivery he knew that it contained marijuana and/or a controlled substance.

17.    At no time did the police have any information that plaintiff was ever aware, prior to his arrest, that the cardboard box contained marijuana.

18.    Although plaintiff explained to the police that he had no knowledge that the cardboard box that Donna Smith had brought into his car contained marijuana both the plaintiff and Donna Smith were arrested by POLICE OFFICER SCOTT MARTIN.

3

19.     Plaintiff was charged with Criminal Possession of Marijuana in the First Degree.

20.     Plaintiff was handcuffed and experienced substantial pain to both hands because the police had made the handcuffs on both of his wrists extremely tight.

21.     Plaintiff, once in custody, was taken to a precinct in Queens and then to Queens Central Booking.

22.     Approximately 24 hours after being arrested plaintiff was arraigned in Queens Criminal Court where he received an Adjournment in Contemplation of Dismissal (ACD).

23.     Plaintiff suffered emotional distress, including nightmares, because of his arrest and detention.

24.     Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and against his will and was unlawfully deprived of his liberty and property.

25.     The arrest of the plaintiff was committed by the defendants without legal process and without probable cause

26.     The plaintiff remained in custody for approximately 24 hours.

27.     Defendants acted maliciously and intentionally.

28.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

29.     Paragraphs 1 through 28 are herein incorporated by reference.

30.     Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

31.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

32.    As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

<u>SECOND CLAIM FOR RELIEF</u>
(MUNICIPAL LIABILTY)

33.    Paragraphs 1 through 32 are incorporated herein by reference.

34.    Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

35.    Defendant CITY OF NEW YORK knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

36.    Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

5

37.    Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

38.    Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

39.    Defendants subjected plaintiff to false arrest and false imprisonment.

40.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

41.    Paragraphs 1 through 40 are incorporated herein by reference.

42.    Defendant OFFICER MARTIN arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

6

43.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

44.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

45.     Paragraphs 1 through 44 are incorporated herein by reference.

46.     Defendants OFFICER MARTIN illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

47.    That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

48.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
        November 30, 2012

BROMBERG LAW OFFICE, P.C.

By:    Michael N. Litrownik
One of Plaintiff's Attorneys


Attorneys for Plaintiff

Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036

9